IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

In re:

JOSEPH LLOYD SOELBERG,
HEATHER MICHELLE SOELBERG,

Debtors.

Bk. Case No. 15-01355-TLM

---

JOSEPH LLOYD SOELBERG,
HEATHER MICHELLE SOELBERG,

Appellants,

vs.

KATHLEEN A. McCALLISTER,
ANNETTE DAVIDSON,

Appellees.

MEMORANDUM DECISION AND ORDER

Case No. 1:16-cv-00323-EJL

---

**INTRODUCTION**

Pending before the Court in the above-entitled matter is an appeal of Bankruptcy Judge Terry L. Myers' decision granting the Motions to convert the case to a Chapter 7 bankruptcy proceeding. The parties have filed their responsive briefing and the matter is now ripe. The facts and legal arguments are adequately presented in the briefs and record and, therefore, in the interest of avoiding further delay, and

because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 15, 2015 Debtors Joseph Lloyd Soelberg and Heather Michelle Soelberg, husband and wife, filed a joint petition under Chapter 13 of the Bankruptcy Code. The Trustee, Kathleen McCallister, and creditor Annette Davidson filed Motions to Convert the case to a Chapter 7 proceeding. The Bankruptcy Court held a hearing and, on July 5, 2016, Bankruptcy Judge Myers issued an oral ruling granting the Motions to Convert and ordered the bankruptcy case to proceed under Chapter 7. (Dkt. 9-3.) Debtors filed an appeal of that decision which is now before this Court. The facts underlying the bankruptcy proceeding are as follows.

Mr. Soelberg and Ms. Davidson were divorced in March of 2007. Under their Judgment and Decree of Divorce, which incorporated all but one paragraph of their Mediated Parenting Agreement and Property Settlement Agreement, Mr. Soelberg agreed to pay $2,200 per month to Ms. Davidson in spousal support for a period of ten years plus child support payments. Mr. Soelberg made spousal support payments from April 2007 to approximately November 2010. Mr. Soelberg stated he stopped making the spousal support payments because Ms. Davidson had remarried.

Ms. Davidson pursued payment of the lapsed obligations first by emailing Mr. Soelberg and then retaining counsel. In February of 2011, Ms. Davidson obtained a state court Judgment against Mr. Soelberg for $28,100 which was upheld on appeal. *See Davidson v. Soelberg*, 296 P.3d 433 (Idaho App. 2013). Ms. Davidson pursued collection of the unpaid spousal support obligations from Mr. Soelberg through various retained attorneys, including Eric Clark who undertook more aggressive collection activities against Mr. Soelberg in 2015. Mr. Clark served Mr. Soelberg with post-judgment interrogatories and request for production which Mr. Soelberg answered on January 30, 2015. Mr. Clark also sought garnishment of amounts owed to Mr. Soelberg from Data One, LLC, a company owned by Mr. Soelberg.

In February 2015, Ms. Davidson filed a second lawsuit against Mr. Soelberg to recover the all of unpaid spousal support obligation. The Idaho state court granted summary judgment in favor of Ms. Davidson on July 15, 2015. Mr. Soelberg was served with a second set of interrogatories which he answered on September 16, 2015. Also in September of 2015, Ms. Davidson filed a complaint in Valley County, Idaho to set aside a homestead exemption claimed by the Soelbergs as to a cabin located in Cascade, Idaho. On September 30, 2015, the Sheriff issued a Notice of Attachment and Levy against Mr. Soelberg's interest in Data One, LLC. On October 15, 2015, one day before the Sheriff's sale, the Soelbergs filed their Chapter 13 Bankruptcy petition.

During this time, late 2014 up to the filing of the bankruptcy petition, the Soelbergs engaged in various transactions involving: a cabin located in Cascade, Idaho; a residence in Star, Idaho; a Trust; a boat; various automobiles; and salary payments, loans, and other transactions involving Data One, LLC. These transactions and dealings are the basis for much of the Bankruptcy Court's decision on the Motions to Convert.

**STANDARD OF REVIEW**

A federal District Court has jurisdiction to entertain an appeal from the Bankruptcy Court under 28 U.S.C. § 158(a), which provides: "The district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees[ ] of bankruptcy judges[.]" On appeal, the Bankruptcy Court's conclusions of law are reviewed *de novo* and the factual findings for clear error. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009) (citation omitted); *see also* Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

Where, as here, the Bankruptcy Court's decision is in regard to a motion for conversion of a case, that decision is reviewed for abuse of discretion. *See In re Levesque*, 473 B.R. 331, 335 (B.A.P. 9th Cir. 2012) (citations omitted). A Bankruptcy Court's decision that is made within its discretion under the Bankruptcy Code will not be set aside unless there is plain error or abuse of discretion. *See In re Rosson*, 545

F.3d 764 (9th Cir. 2008) (explaining that a bankruptcy court's decision to deny debtor's request for dismissal of his Chapter 13 case and to convert the case from Chapter 13 to Chapter 7 was reviewed for an abuse of discretion); *In Re Sherman*, 491 F.3d 948, 969 (9th Cir. 2007) ("[W]e review a bankruptcy court's decision to grant or deny a motion to dismiss for misconduct that constitutes 'cause' for abuse of discretion."). A two-part test applies to determine whether the bankruptcy court abused its discretion. *Levesque*, 473 B.R. at 335 (citation omitted). First, the court must "determine *de novo* whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *Id.* Second, the court examines the Bankruptcy Court's factual findings for clear error. *Id.* The Bankruptcy Court's factual findings are affirmed unless those findings are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.*

**ANALYSIS**

**1. *De Novo* Review of the Rule of Law Applied**

The question before the Bankruptcy Court was whether to convert the case from a Chapter 13 to a Chapter 7 proceeding under 11 U.S.C. §1307(c) which states: "on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…." 11 U.S.C. §1307(c). In this case, the Appellee argues the Soelbergs filed their bankruptcy in bad faith and, therefore, sought to convert the case

for cause. Bad faith is determined based on the totality of the circumstances. *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994). In making this determination the court considers four factors:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an inequitable manner;
> (2) the debtor's history of filings and dismissals;
> (3) whether the debtor only intended to defeat state court litigation; and
> (4) whether egregious behavior is present.

*In re Khan*, 846 F.3d 1058, 1065 (9th Cir. 2017) (quoting *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999) (citations and quotations omitted)). These factors are not all-inclusive and the court need not find that every factor must be met in order to conclude bad faith has been show. *Id.* at 1066. Rather, the Court must look to the totality of the circumstances in determining whether bad faith exists. *Id.* Having reviewed the record *de novo*, this Court finds that the Bankruptcy Court properly identified the correct legal rule to apply to the relief requested in this case. (Dkt. 9-3 at 37-38.)

**2. Clear Error Review of the Factual Findings**

Appellants argue the Bankruptcy Court failed to properly consider the fact that they had not previously filed for bankruptcy and that they ultimately did so only when faced with Ms. Davidson's threats of litigation in order to exercise their rights afforded to them under the bankruptcy code. (Dkt. 6, 15.) The Bankruptcy Court's ruling addressed this factor stating "the factor…of the history of filing and dismissals is not implicated at all." (Dkt. 9-3 at 37-38.) This Court finds no error in this regard by the

Bankruptcy Court. The Bankruptcy Court did not ignore the debtor's history of filings and dismissals. When reading the entire decision, it is clear that the Bankruptcy Court recognized the factor and that the Debtors had no history of prior filings but viewed the other factors as more telling of the bad faith determination given the totality of the circumstances in this case. (Dkt. 9-3 at 38-45.)

Appellants also contest the Bankruptcy Court's determination that their actions with regard to various transactions and dealings in late 2014 and 2015 were egregious and/or otherwise evidenced cause to grant the Motions to convert. (Dkt. 6, 15.) In particular, Appellants argue the Bankruptcy Court failed to show how their conduct was wrongful and, instead, they argue the transactions in question were entirely reasonable given the circumstances. Moreover, Appellants assert their filing for bankruptcy was an appropriate exercise of their rights under the bankruptcy code, i.e., obtain an automatic stay, and not in bad faith. The Trustee disagrees asserting the Bankruptcy Court's discussion, findings, and conclusions that the transactions, and other facts in the case, show that the Soelbergs' conduct was egregious and in bad faith. (Dkt. 14.)

Based on the evidence and testimony presented at the hearing and in the record, the Bankruptcy Court concluded cause to convert the case had been shown when considering the totality of the circumstances and the factors of misrepresentation of fact, concealment and secrecy, departure from the ordinary course of business, attempts to thwart pending state court litigation and collection, and egregious behavior.

(Dkt. 9-3 at 43.) The Bankruptcy Court went on to find that conversion to a Chapter 7 liquidation proceeding was in the best interests of the creditors of the estate and the appropriate result in this case. Accordingly, the Motions to Convert under §1307(c) were granted. This Court finds no error in the Bankruptcy Court's ruling.

The Bankruptcy Court's decision addressed the secrecy, misrepresentation, and concealment factor as it relates to the Debtors' purchase and ownership of the Cascade Cabin in 2014, which they failed to accurately disclose in the January 2015 discovery responses; the contents, timing, and recording of the deed of the cabin to the recently created trust in February of 2015; and their subsequent transfer of the property from the trust to themselves and then immediately seeking to exempt it; and revoking the Trust just before filing their petition. The Debtors' dealings with regard to Data One, LLC was also considered with regard to the Debtor's misrepresentation of the facts and attempts to avoid Ms. Davidson's collection efforts, and departing from the ordinary course of business.

The pending litigation between Mr. Soelberg and Ms. Davidson was also discussed and considered. (Dkt. 9-3 at 5-19, 40-43.) The Bankruptcy Court discussed the timing of the state court actions in relation to the bankruptcy filing in this case and the implications of those events; i.e., the bankruptcy filing stayed the state court litigation including the sheriff's sale set to occur the day after the petition was filed. In doing so, the Bankruptcy Court addressed the totality of the circumstances surrounding the pending litigation and the bankruptcy proceeding including Ms. Davidson's

collection efforts; the Debtors' use of Data One, LLC, and its assets, to pay their personal expenses and minimize their salary to avoid potential garnishment by Ms. Davidson; and the Debtors' sale of their boat for significantly more than they stated it was worth in their discovery responses.

This Court has reviewed the Bankruptcy Court's decision, the evidence and testimony from the hearing, the exhibits and evidence presented, as well as the entire record herein and finds no clear error in the Bankruptcy Court's decision. Just the opposite, this Court concludes the Bankruptcy Court's analysis and findings are sound, well-reasoned, logical, plausible, and supported by facts in the record. (Dkt. 9-3.) For these reasons, the Court affirms the Bankruptcy Court's decision granting the Motions to Convert.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Bankruptcy Court's July 5, 2016 decision granting Appellees' Motion to Convert is **AFFIRMED**.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: March 14, 2017

Edward J. Lodge
United States District Judge